## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **1.800.Vending, a Utah Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRIS WYLAND, an individual, GROW FRANCHISE GROUP, LLC, a California limited liability company; SPROUT HEALTHY VENDING, LLC, a Wyoming limited liability company, GROW HEALTHY INCORPORATED, a California corporation,**<br><br>**Defendants.** | **MEMORANDUM DECISION & SHORT FORM DISCOVERY ORDER**<br><br>**Case No. 1:14-cv-00121**<br><br>**United States District Court Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin Pead** |

## I. BACKGROUND

This case is before the above entitled Court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Clark Waddoups (doc. 11).

On October 3, 2014, Plaintiff 1.800.Vending ("Plaintiff") filed a Complaint against Defendants Chris Wyland, Grow Franchise Group, LLC, Sprout Healthy Vending, LLC and Grow Healthy Incorporated (collectively, "Defendants") alleging causes of action for defamation, commercial disparagement, violations of the Lanham Act and intentional interference with economic relations (doc. 31).

Plaintiff is a corporation engaged in the sale and distribution of vending machines. Defendants Grow Franchise Group, Sprout Healthy Vending and Grow Healthy Incorporated are an associated set of businesses who also engage in the sale and distribution of vending machines. Individual Defendant Chris Wyland is the principal owner of one or more of Defendant business

entities.

## II. DISCOVERY DISPUTE

On March 24, 2015, Plaintiff filed a "Motion To Compel" related to Interrogatory

Number 1 of its "First Set Of Interrogatories" (doc. 36-2).  Interrogatory Number 1 states:

> Identify by make, model and serial number all computer or electronic devices
> used to access the Internet by you and/or your representatives, including but
> not limited to sales representatives, from January 1, 2010, through the date
> of your response, including but not limited to desktop computers, laptop
> computers, tablets, and smartphones.

(doc. 36-2, p.4).  In response, Defendants identified all computers and electronic devices used by

Defendant Wyland located at 936 SW Davenport Street, Portland, Oregon, and at 44 Waterworks

Way, Irvine, California (doc. 38).  Defendants object, however, to the identification of electronic

devices used by other Defendant representatives asserting that the interrogatory "seeks

information beyond the allegations in the complaint or amended complaint" (doc. 36-2).

## III.  STANDARD OF REVIEW

The motion before the court relates to discovery.  "The district court has broad discretion

over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent

an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.,* 600 F.3d

1262, 1271 (10th Cir. 2010 ) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil

Procedure, which provides that "parties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery

of any matter relevant to the subject matter involved in the action.  Relevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).

## IV.  RULING

Upon consideration, the Court concludes that the information requested is, for purposes of discovery, relevant to Plaintiff's claims and therefore discoverable.  *See* Fed. R. Civ. P. 26(b)(1).  Although Defendant objects by arguing that the interrogatory improperly seeks information outside the complaint and discovery should be limited to computers and electronic devices utilized by Mr. Wyland in Portland, Oregon, the court disagrees.

Under rule 26, the scope of discovery is broad and  "discovery is *not* limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511 (10th Cir. 1995) (*citing Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (emphasis added)).  Additionally, Plaintiff has specifically traced a defamatory comment posted on the internet to an IP address assigned to a Ms. Dawna Wyland of Portland, Oregon.  Plaintiff alleges that Dawna Wyland is the wife of Mr. Wyland and acts as an employee and/or agent for one or more of the named Defendants (doc. 31, ¶19).  Given Ms. Wyland's status as an employee or agent of Defendants, along with the fact that Plaintiff has identified additional "defamatory and disparaging posts," it is appropriate to allow discovery of additional Defendant representatives' devices regardless of their location in Portland, Oregon or Irvine, California.

Finally, while Defendants seek to limit the object of the discovery request, they do not seek temporal limitations and accordingly the court affirms the scope of the interrogatory request seeking the identified electronic devices used from "January 1, 201, through the date of your [Defendants'] response."

## V.  ORDER

Upon review, the Court hereby grants Plaintiff's Motion To Compel (doc. 36).

Consistent therewith the Court Orders the following:

1.      Within twenty (20) days from the date of this Order Defendant shall clarify its

answer to Plaintiff's Interrogatory Number 1 and specifically identify the

requested computers and electronic devices used by Defendant and Defendant's

representatives from January 1, 2010 through the date of Defendant's response.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2015

_____

Dustin Pead
U.S. Federal Magistrate Judge