UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

|  |  |
|---|---|
| 1.800.VENDING, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHRIS WYLAND; GROW FRANCHISE GROUP, LLC; SPROUT HEALTHY VENDING, LLC; GROW HEALTHY INCORPORATED, DOES 1-50,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:14-cv-121 CW<br><br>Judge Clark Waddoups |
| CHRIS WYLAND et al.,<br><br>　　　　　Counterclaim Plaintiffs,<br><br>vs.<br><br>1.800.VENDING, INC. dba HEALTHY YOU VENDING et al.,<br><br>　　　　　Counterclaim Defendants. |  |

Plaintiff 1.800.Vending, Inc. filed this action on October 3, 2014.  It asserts this court has jurisdiction based on diversity of citizenship.  Although none of the parties has challenged this court's jurisdiction, the court nevertheless must "satisfy itself of its power to adjudicate in every case and at every state of the proceedings."  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d

1269, 1271 (10th Cir. 1998) (quotations and citation omitted).

"[F]or entities other than corporations," the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Plaintiff has not pled the citizenship of each member of limited liability companies who are parties in this action.

Additionally, the Supreme Court has stated "when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirement of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (emphasis in original). When a case is removed to federal court, an exception exists for Doe defendants. *See* 28 U.S.C. § 1441(b)(1). If, however, a case originates in federal court (as opposed to being removed to federal court), the general rule is "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." *Lee v. Airgas – Mid South, Inc.*, 793 F.3d 894 (8th Cir. 2015) (citing 13F Charles Alan Wright, et al., Federal Practice & Procedure, § 3642 (3d ed. 2009)). This court has followed the general rule and requires that a good-faith allegation be made as to the citizenship of Doe defendants. *See e.g.*, *Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010); *Pia v. Supernova Media, Inc.*, No. 2:09-cv-840, 2010 U.S. Dist. LEXIS 120050 (D. Utah Nov. 8, 2010).

Until Plaintiff alleges the citizenship of the LLC members and the Doe defendants, the court cannot conclude that it has jurisdiction. Accordingly, **on or before July 7, 2016,** Plaintiff shall plead the citizenship of Grow Franchise Group, LLC and Sprout Healthy Vending, LLC. It shall also allege the citizenship of each of the Doe defendants. If diversity jurisdiction is not

established, this case will be dismissed.

SO ORDERED this 15th day of June, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge