UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| 1.800.VENDING, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS WYLAND; GROW FRANCHISE GROUP, LLC; SPROUT HEALTHY VENDING, LLC; GROW HEALTHY INCORPORATED, DOES 1-50,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CERTIFY A QUESTION**<br><br><br>Case No. 1:14-cv-121 CW<br><br>Judge Clark Waddoups |
| CHRIS WYLAND et al.,<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>1.800.VENDING, INC. dba HEALTHY YOU VENDING et al.,<br><br>    Counterclaim Defendants. | |

On November 11, 2016, the court heard argument on the motion for summary judgment filed by defendants Chris Wyland, Grow Franchise Group, LLC, Sprout Healthy Vending, LLC and Grow Healthy Incorporated. The court denied the motion in a ruling from the bench and a written order entered on November 7, 2016. (Dkt. Nos. 83. 85 and 91-1). One of the defenses raised by Defendants in the motion was that a corporation could not, as a matter of law, assert a

claim for defamation per se in which harm is presumed. (Dkt. No. 70, pp. 4-5, 14-17). The court rejected this argument in its ruling from the bench. The court also rejected Defendants' argument that attorney fees could not be evidence of damages under the unique facts of a case where a plaintiff is required to engage in litigation to stop the injurious behavior from continuing. After the court had denied the motion for summary judgment and rejected Defendants' defenses, Defendants filed the pending motion to certify to the Utah Supreme Court under Utah R. App. P. 41(a) the following questions:

> (1) Can a corporate party maintain a claim for defamation per se under Utah law ("Question One")? and (2) Can a party recover as damages its attorney's fees in bringing a claim for defamation, commercial disparagement, or tortious interference with economic relations ("Question Two")?

(Dkt. No. 86, p. 2). The request for certification has now been fully briefed (Dkt. Nos. 91 and 92) and the court has determined that oral argument would not be helpful to resolve the request.

As the Tenth Circuit has explained, certification is not to be routinely invoked whenever a party raises an unsettled issue of law, even when the issues raised are difficult and may be uncertain. *See, e.g.*, *Copier by and Through Lindsey v. Smith & Wesson Corp.,* 138 F.3d 833, 838 (10th Cir. 1998). Indeed, it is the duty of the court to decide the issues presented to it even if they are issues of state law. *Id.* That requirement is inherent in the jurisdictional mandate for the court to decide cases brought to it in diversity. When the court has ample authority and guidance to resolve a question, ordinarily it is required to do so. In this case the court concluded that it had sufficient guidance to decide both of the issues Defendants would now have the court certify. The authorities were cited and considered during the arguments and ruling on the motion for

summary judgment and have been cited again in opposition to Defendants' motion.[1] Surprisingly, Defendants believed the court had sufficient guidance to rule in Defendants' favor on the motion for summary judgment and sought certification only after the court rejected its argument. If such a procedure were to be allowed, it would in effect allow a party to make a motion, argue the merits, and then after losing on an issue, use certification as an interlocutory appeal from an interim decision by a federal court to the Utah Supreme Court. The rule allowing certification was never intended to allow such a result. *Cf. Self v. TPUSA, Inc.*, No. 2:08-cv-395, 2009 WL 273326, at *3 (D. Utah Feb. 4, 2009) (Warner, Mag. J.) ("Because the court has answered the question posed by Plaintiffs' motion to certify, it logically follows that the court does not believe that question requires certification to the Utah Supreme Court. . . . It is not lost on the court that Plaintiffs' counsel did not believe it was necessary to request certification of the above-referenced issue until after Judge Stewart ruled against the plaintiffs on the same issue . . . ."). At this stage of the proceedings and with a trial date set in April, Defendants'

---

[1] "As to Question 1, the Court had the Utah statute (*e.g.*, Utah Code Ann. § 45-2-2), Utah cases (*e.g.*, *Westmont Mirador, LLC v. Miller*, 2014 UT App 2009, 362 P.3d 919 and *Westmont Resid., LLC v. Buttars*, 2014 UT App 291, 340 P.3d 183), and federal cases including longstanding Tenth Circuit cases, applying Utah law (*e.g.*, *Utah State Farm Bureau Fed'n v. Nat'l Farmers Union Serv. Corp.*, 198 F.2d 20 (10th Cir. 1952); *Atlas Sewing Ctrs. v. Nat'l Assoc. of Independent Sewing Machine Dealers*, 260 F.2d 803 (10th Cir. 1958); and *TLS Group v. Nucloud Global, Inc.*, No. 2:15cv00533, 2016 WL 1562910, at *5 (D. Utah April 18, 2016)). The Court considered and relied on these authorities in its determination that Utah law would and does recognize a claim of defamation per se brought by a corporation. (*See* Hr'g Tr., attached hereto as Ex. A, at 4-5.)

Likewise, as to Question No. 2, the Court had restatement law (*e.g.*, Restatement (Second) of Torts §§ 623A, 624, and 633) and analogous Utah cases (*e.g.*, *Neff v. Neff*, 2011 UT6, 247 P.3d 380). The Court also received guidance from *McKinney v. Carson*, 99 P. 660 (Utah 1909) and *Farm Bureau Life Ins. Co. v. Am. Nat. Ins. Co.*, 505 F. Supp. 2d 1178 (D. Utah 2007). The Court considered and relied upon these and other authorities in deciding that Utah law would recognize attorney's fees and costs as compensable damages for 1.800's claims. Thus, the Court had ample guidance, and there is no need for the Court to submit Questions 1 or 2 to the Utah Supreme Court simply because Defendants are unhappy with the result on summary judgment." (Dkt. No. 91, p.4).

request for certification is not well taken. The motion is DENIED.

DATED this 10th day of January, 2017.

BY THE COURT:

*Clark Waddoups*
Clark Waddoups
United States District Judge